UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUSA AHMED,

          Plaintiff,

          v.

WATERMAN STEAMSHIP
CORPORATION, a New York Corporation,
LMS SHIPMANAGEMENT, INC., a
Louisiana Corp., CAREWORKS OF
OHIO, LTD. an Ohio Corporation,
CONCENTRA INTEGRATED SERVICES,
INC., a Massachusetts Corporation, and
KIMBERLY TOLSTYKA, R.N., C.C.M.,

          Defendants.

_____/

Civil No. 04-74733
Hon. John Feikens

**OPINION AND ORDER**

      For some inexplicable reason, Plaintiff Musa Ahmed brings an alleged cause of action versus Defendants Careworks of Ohio, Ltd. ("Careworks"), Concentra Integrated Services, Inc. ("Concentra") and Kimberly Tolstyka, R.N., C.C.M. claiming that apart from his injury when he allegedly slipped and fell on May 14, 2004, on the steamship "Obregon", owned by the Waterman Steamship Corp. ("Waterman") and managed by LMS Shipmanagement, Inc. ("LMS"), that these Defendants intentionally inflicted emotional distress upon Plaintiff and tortiously interfered with Plaintiff's business relationships.

      Curiously, and what is troublesome about the Plaintiff's complaint against Defendants Concentra, Careworks and Tolstyka, is that in oral argument Plaintiff's counsel conceded that these are not federal causes of action. Plaintiff's counsel stated, in argument, that while there are

no federal grounds for claiming damages for Intentional Infliction of Emotional Distress ("IIED") and for tortious interference with a business relationship, he sought to argue that using Michigan state law as guidance I could apply that law in federal court to redress Plaintiff's claims.

Plaintiff brings this cause of action under this Court's admiralty jurisdiction. 46 U.S.C. § 688. Defendants Concentra, Careworks and Tolstyka move to dismiss Plaintiff's claims against them and they also move, pursuant to Fed. R. Civ. P. 37, to compel Plaintiff to respond to discovery.[1]

For the reasons stated below, I GRANT Defendants Concentra, Careworks and Tolstyka's motion to dismiss and I do not address their motion to compel as that motion is now moot.

**I. FACTUAL BACKGROUND**

Plaintiff Musa Ahmed states that he was employed by Defendant L.M.S. Shipmanagement, Inc. ("LMS") and/or Defendant Waterman Steamship Corp. (Compl. at 2.) Ahmed claims that during the course of his employment he worked aboard the steamship "Obregon," and served as a member of the ship's crew. Id. at 2. On May 14, 2004, Plaintiff claims he slipped on the Obregon's deck. Id. at 3. Plaintiff claims that as a result of his slip he sustained injuries to his wrist, arm, shoulder, neck and back. Id. at 4.

Ahmed alleges that LMS referred him to Dr. Samson Samuel for medical treatment for his injuries. (Resp. at 4.) LMS also assigned Tolstyka, a medical case manager, to Ahmed's

---

[1] Defendants stated at the hearing on this matter that they had dropped their request for attorney's fees. (Hr'g Aug. 9, 2005.)

case. Id. at 4. Allegedly, Tolstyka told Ahmed that if Ahmed altered his medical records LMS would permit Ahmed to return to work. Id. at 4. Allegedly, Tolstyka also asked Samuel to alter Ahmed's medical records. Id. at 4. Ahmed, acting upon the advice of his attorney, terminated Tolstyka's case management services. Id. at 4.

Allegedly, Tolstyka threatened Ahmed stating that if Ahmed did not reinstate her as his case manager and if he did not fire his attorneys his medical care would not be "authorized." Id. at 5. Plaintiff did not reinstate Tolstyka and did not fire his attorneys. Id. at 5.

## II. ANALYSIS

### A. Motion to Dismiss Standard

A party is entitled to a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. A motion to dismiss may be granted under Fed. R. Civ. P. 12(b)(6), "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In reviewing the motion, courts must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." Ziegler v. IBP Hog Mkt., Inc., 249 F.3d 509, 512 (6th Cir. 2001).

### B. Plaintiff's Claims Against Defendants Concentra, Careworks and Tolstyka

Plaintiff, stating that "[...] this is not a state law case whatsoever[,]" argues that pursuant to the Jones Act Plaintiff may pursue a "federal" IIED claim and a "federal" tortious interference claim for the negligence of his medical providers. (Hr'g Aug. 9, 2005; Resp. at 7-8; citing De Zon v. Am. President Lines, 318 U.S. 660, 665 (1942) (seamen injured in the course of their

employment may seek remedies under the provisions of the Federal Employers' Liability Act 45 U.S.C. §§ 51-60).)  Without citation to legal authority, Plaintiff claims that this Court needs to only rely on state law for "guidelines" for crafting these federal claims.  (Hr'g Aug. 9, 2005.)  Apparently, Plaintiff is relying on a court's "authority to develop general maritime law regarding claims not directly governed by congressional legislation or admiralty precedent."  Wallis v. Princess Cruises, Inc., 306 F.3d 827, 841 (9th Cir. 2002).

The U.S. Supreme Court stated that maritime law governs a tort claim when certain conditions of "location" and "connection" to maritime activity are satisfied.[2]  Wallis, 306 F.3d at 840 (citing Sisson v. Ruby, 497 U.S. 358 (1990)).  The U.S. Supreme Court in The Iroquois, held that a ship owner has a duty to provide proper medical treatment to an ill seaman.  194 U.S. 240 (1904).  Plaintiff attempts to expand this holding to medical providers by arguing that Ahmed may bring "a claim in tort for the negligence of the medical care provided by the employer to an injured seaman[,]" and that Plaintiff can bring a suit against Tolstyka (and presumably against Careworks and Concentra) for negligence.  (Resp. at 8.)

Plaintiff's claims are entirely without merit.  First, Plaintiff fails to allege facts sufficient to demonstrate that the tort claims that he brings against Careworks, Concentra and Tolstyka fall within maritime law.  See Sample v. Johnson, 771 F.2d 1335, 1344 (9th Cir. 1985) (upholding the district court's determination that the plaintiff was merely bringing a "state law tort of

---

[2] The "location test" requires a court determine whether "the tort occurred on navigable water or whether an injury suffered on land was caused by a vessel on navigable water."  Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 534 (1995).  The "connection test" requires a court to consider (i) "whether the incident has 'a potentially disruptive impact on maritime commerce;'" and (ii) "whether 'the general character' of the 'activity giving rise to the incident' shows a 'substantial relationship to traditional maritime activity.'"  Id.  (internal citations omitted).

intentional infliction of emotional distress and not an admiralty claim at all[,]" where the complained of act "occurred on land and that the wrongful controversion bore no relationship to a traditional maritime activity."); see also Taghadomi v. United States, 401 F.3d 1080, 1084 (9th Cir. 2005) ("[...] [S]itus of tort for purposes of determining admiralty jurisdiction is place where the injury occurs."). Second, Plaintiff's claims against Waterman and LMS do not permit Plaintiff to bring his claims against Concentra, Careworks and Tolstyka under maritime law where the actions of those Defendants had no connection to either a traditional maritime activity or directly to Plaintiff's medical care. See Sample, 771 F.2d at 1344 ("That Congress created statutory obligations [...] pursuant to its maritime powers, does not mean that admiralty jurisdiction automatically attaches where a claim is made under the statute."); Executive Jet Aviation, Inc. v. City of Cleveland, 409 U.S. 249, 253 (1972) ("[I]n determining whether there is admiralty jurisdiction over a particular tort [...], reliance on the relationship of the wrong to traditional maritime activity is [...] more consonant with the purposes of maritime law[.]"). Third, even if Plaintiff could bring his case under maritime law, The Iroquois places a duty on a seaman's employer and not a medical provider. 194 U.S. 240 (1904); see Wright v. Maersk Line, Ltd., 84 Fed. Appx. 123, 125 (2d Cir. 2003). Furthermore, as stated below, Plaintiff fails to even allege a case of IIED or tortious interference.

     Plaintiff's counsel failed to allege sufficient facts to show that his claims against Defendants Concentra, Careworks and Tolstyka are governed by maritime law, and that therefore, this Court should develop general maritime law on these issues. Thus, on this basis, Plaintiff fails to state a cause action against Defendants Concentra, Careworks and Tolstyka.

     Construing Plaintiff's complaint, in a light most favorable to Plaintiff, I analyze

Plaintiff's claims as if Plaintiff's attorney had properly brought these claims as state law causes of action, pursuant to this Court's supplemental jurisdiction.[3]

**C.  Intentional Infliction of Emotional Distress**

Plaintiff's complaint does not sufficiently allege a claim for IIED.  (Resp. at 3.)  The Michigan Supreme Court has set forth the following four elements to establish a claim of IIED: (1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress.  Roberts v. Auto-Owners Ins. Co., 422 Mich. 594, 602 (1985); Linebaugh v. Sheraton Mich. Corp., 198 Mich. App. 335, 335 (1993); Haverbush v. Powelson, 217 Mich. Ct. App. 228, 234 (1996).

Count IV does not state that Plaintiff is bringing a claim based on IIED; in fact, Plaintiff failed to use the term IIED in Plaintiff's complaint.  (Compl. at 7-8.)  There is no statement in the complaint that provides Defendants any notice that Plaintiff was bringing a claim based on IIED.  Id. at 7-8.  Plaintiff does not allege severe emotional distress, rather Plaintiff only generally alleges "damages."  Id. at 8.  Additionally, Plaintiff fails to even allege the "extreme and outrageous" conduct necessary for an IIED claim.  Plaintiff's allegations are insufficient to state a claim of IIED.[4]

Therefore, for the reasons stated above, I GRANT Defendants' motion with respect to Plaintiff's claim of IIED.

---

[3]  However, I note that this analysis is merely academic.  Surprisingly, Plaintiff's own attorney admitted at oral argument that if brought under state law, Plaintiff's claims fail.  (Hr'g Aug. 9, 2005.)

[4]  Furthermore, the State of Michigan has never formally adopted the tort of intentional infliction of emotional distress.  See Smith v. Calvary Christian Church, 462 Mich. 679, 686 n. 7 (2000);  Roberts, 422 Mich. 594.

**D. Tortious Interference with Business Relationship**

Plaintiff claims that he has sufficiently stated a claim for "tortious interference with business relationship" against Defendants Concentra, Careworks and Tolstyka regarding Plaintiff's business relationships with his attorneys and his doctor.  (Resp. at 9-12.)

To establish a claim for tortious interference with advantageous business relations a plaintiff must demonstrate: (i) "the existence of a valid business relation [...] or expectancy;" (ii) the defendant's "knowledge of the relationship or expectancy [...];" (iii) "an intentional interference inducing or causing a breach or termination of the relationship or expectancy;" and (iv) "resultant damage to the party whose relationship or expectancy has been disrupted."[5] Trepel v. Pontiac Osteopathic Hosp., 135 Mich. App. 361 (1984) (internal quotations and citations omitted).

Plaintiff admitted at oral argument that there was no breach or termination, and Plaintiff fails to allege in his complaint any facts that would even imply a "breach or termination..  (Hr'g Aug. 9, 2005.)  Furthermore, Plaintiff only alleges an "intent" to disrupt Plaintiff's relationship with his legal counsel and his doctors and Plaintiff does not even allege an actual breach or termination of either relationship.  (Compl. at 8.)

Therefore, for the reasons stated above, I GRANT Defendants' motion with respect to Plaintiff's claim of tortious interference with business relationship.

---

[5] Plaintiff misstates the elements of this claim stating that if Defendants' actions "disrupted" Plaintiff's business relationship, then this is sufficient to satisfy a claim of tortious interference with a business relationship.  (Resp. at 10.)  Plaintiff's reliance on M Civ JI § 126.01 is misplaced as it misstates the elements of the claim, and Plaintiff relies on this book for the elements of the claim despite citing several other cases which properly state the claim's elements.

### III.  CONCLUSION

Plaintiff's counsel failed to allege sufficient facts to show that his claims against Defendants Concentra, Careworks and Tolstyka are governed by maritime law, and that therefore, this Court should develop general maritime law on these issues regarding his claims. That this Court may not develop a cause of action of IIED or tortious interference with a business relationship for Plaintiff is a sufficient basis upon which to dismiss his claims against Defendants Concentra, Careworks and Tolstyka.  However, even if Plaintiff had properly brought his claims under state law, pursuant to this Court supplemental jurisdiction, Plaintiff does not properly allege either an IIED or tortious interference claim.  Thus, I GRANT Defendants Concentra, Careworks and Tolstyka's motion to dismiss all of Plaintiff's claims against them and I do not address their motion to compel as that motion is now moot.

**IT IS SO ORDERED**

**Date:  August 10, 2005**                                **S/John Feikens**

                                                                              **United States District Judge**

| Proof of Service |
|---|
| I hereby certify that the foregoing order was served on the attorneys/parties of record on August 10, 2005, by U.S. first class mail or electronic means.<br><br>                    S/Carol Cohron<br>                    Case Manager |